IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLES M. STEELE, et al.,

      Plaintiff,

  v.                                        Civil Action 2:16-cv-727
                                                Judge George C. Smith
                                                Magistrate Judge Jolson

WARDEN CHARLOTTE
JENKINS, et al.,

      Defendants.

## ORDER AND REPORT AND RECOMMENDATION

Plaintiffs, two prisoners currently incarcerated at Chillicothe Correctional Institution ("Institution"), have filed the instant lawsuit alleging violations of their constitutional rights. (Doc. 1-2). They have also filed Motions for Leave to Proceed *In Forma Pauperis* (Docs. 1, 4, 5), and a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). This matter is now before the Court to screen the case pursuant to 28 U.S.C. § 1915A. For the following reasons, the Court **GRANTS** Plaintiffs' Motions for Leave to Proceed *In Forma Pauperis* (Docs. 1, 4, 5); **RECOMMENDS DISMISSING** the complaint (Doc. 1-2); and **RECOMMENDS DENYING** the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2).

### I.    STANDARD

Because Plaintiffs are prisoners who seek redress from the government, this Court must conduct an initial screen of the complaint. 28 U.S.C. § 1915A(a). The Court must dismiss the complaint if it determines that the claims are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.

1991) ("[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers . . . ."); *Thompson v. Kentucky*, 812 F.2d 1408, No. 86-5765, 1987 WL 36634, at *1 (6th Cir. Jan. 28, 1987) ("Although pro se complaints are to be construed liberally, they still must set forth a cognizable federal claim." (citation omitted)).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

## II.   DISCUSSION

**A.   *In Forma Pauperis* Motions (Docs. 1, 4, 5)**

Pursuant to 28 U.S.C. § 1915(a), the Court has reviewed Plaintiffs' Motions for Leave to Proceed *In Forma Pauperis*. (Docs. 1, 4, 5).  The motions are **GRANTED**.  All judicial officers who render services in this action shall do so as if the costs had been prepaid.  However, as explained below, the Court concludes that this action cannot proceed.

**B.   Complaint (Doc. 1-2) and Motion for Injunctive Relief (Doc. 2)**

Plaintiffs allege that Mr. Steele has served as Mr. Royce's jailhouse lawyer for various state and federal lawsuits.  (*See* Doc. 1-2 ¶¶ 1–9).  They claim that officials at the Institution have enforced a policy called 59-Leg-01 ("Policy") to deny Mr. Steele from assisting other inmates with their court filings.  (*See id.* ¶¶ 9–12).  Plaintiffs allege that such enforcement led the Ohio Supreme Court to dismiss one of Mr. Royster's cases for want of prosecution.  (*Id.* ¶ 23).  Based upon these allegations, Plaintiffs allege that the Institution infringed on their right to access the courts (*id.* ¶¶ 21, 25–26), Mr. Royster's rights under the First Amendment (*id.* ¶ 27),

and Mr. Steele's right to be free from retaliation for his assistance of other inmates (*id.* ¶ 28). Plaintiffs also move to enjoin the enforcement of the Policy. (Doc. 2).

Plaintiffs fail to state a claim for relief. Mr. Steele claims that Defendants infringed upon his right to access the courts as Mr. Royster's jailhouse lawyer, but Mr. Steele has no such right. "It is clear in this circuit that an inmate does not have an independent right to help other prisoners with their legal claims." *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999). As for Mr. Royster's claims, "prison officials may not prevent" jailhouse lawyers from assisting other inmates or "retaliate for providing such assistance where no reasonable alternatives are available." *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). In order to proceed on such a claim, a plaintiff must plead or present evidence that he is "unable to file his own complaint or grievance," *Evans v. Vinson*, 427 F. App'x 437, 445 (6th Cir. 2011), and that he "has no other sources of help," *Nelson v. Joosten*, 100 F.3d 957, No. 95-1800, 1996 WL 637487, at *1 (6th Cir. Nov. 4, 1996). Plaintiffs do not allege that Mr. Royster is unable to file his own pleadings. Further, the attachments to their complaint indicate that the Institution has a procedure for inmates to receive legal assistance beyond that of Mr. Steele. (*See, e.g.*, Doc. 1-2 at 14, 25). Mr. Steele's retaliation claim, which is derivative of Mr. Royster's claims, lacks merit for the same reason. *Ziegler v. McGinnis*, 32 F. App'x 697, 699 (6th Cir. 2002).

### III.  CONCLUSION

As set forth above, the Court **GRANTS** Plaintiffs' Motions for Leave to Proceed *In Forma Pauperis* (Docs. 1, 4, 5); **RECOMMENDS DISMISSING** the complaint (Doc. 1-2); and **RECOMMENDS DENYING** the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2).

### **Procedure on Objections to Report and Recommendation**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

### **Procedure on Objections to Order**

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. Rule 72(a); Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law. This Order is in full force

and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio Civ. R. 72.3.

    IT IS SO ORDERED.


Date: September 1, 2016                           /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE